UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BAMIDELE OYEKANMI,

       Plaintiff/Counter-Defendant,

                                            Civil No.06-15240
                                            Hon. John Feikens

       v.

AMERICAN AXLE & MANUFACTURING, INC.,
a Delaware corporation,

       Defendant/Counter-Plaintiff.

_____/


**OPINION DENYING MOTION TO QUASH SUBPOENA AND ORDERING DALTON**

**TO PRODUCE NON-PRIVILEGED DOCUMENTS**

Plaintiff Bamidele Oyekanmi ("Oyekanmi") is an engineer who worked for Defendant

American Axel & Manufacturing, Inc. ("AAM") from March 2000 to October 2004. In this suit,

Oyekanmi alleges that he is the true inventor of several processes and products for which AAM

has filed or received patents.

In his FRCP 26 Initial Disclosures, Oyekanmi listed his former attorney Daniel Dalton

("Dalton") as an "individual likely to have discoverable information that the disclosing party

may use to support its claims or defenses."[1]  Oyekanmi also explained the nature of the

information in Dalton's possession: "Daniel Dalton is an attorney at Tomkiw Dalton who has

---

[1]AAM's Response to Tomkiw Dalton's Motion to Quash Subpoena, Exhibit 3, pg. 1,6.

knowledge regarding American Axle's wrongful attempts to force Oyekamni to sign the Assignment and Oyekamni's revocation of power of attorney to Harness Dickey."[2]

After receiving Oyekanmi's Initial Disclosures, AAM served Dalton with a subpoena requesting that he provide "[a]ny and all documents relating in any way to you and your firm's representation of Bamidele Oyekanmi in any legal matter, patent related or otherwise, including but not limited to: all correspondence, emails, pleadings, patent applications, patent office filings, patents and patent prosecution files for the years 2000 to the present."[3]

Dalton responded with a Motion to Quash the Subpoena stating that "[w]ithout a Waiver or Court Order, the undersigned would be violating the attorney/client privilege to a former client pursuant to Michigan Rules of Professional Conduct 1.6, client confidentiality rules."[4] AAM filed a Response to Dalton' Motion to Quash the Subpoena explaining that it "is no longer requesting the production of privileged documents" and that Oyekanmi had refused to provide a waiver of the attorney-client privileged.[5]

Because it has been unable to obtain a waiver from Oyekamni, AAM has asked me to order Dalton to "produce to AAM, within ten days, all non-privileged documents which are responsive to the subpoena, together with a privilege log detailing documents withheld on the basis of attorney-client, work product, or other claimed privileges."[6]

---

[2]Id. at Exhibit 3, pg. 6.

[3]Id. at Exhibit 2.

[4]Dalton's Motion to Quash Subpoena, ¶4.

[5]AAM's Response to Tomkiw Dalton's Motion to Quash Subpoena, pg. 2-3.

[6]Id. at 3-4.

Oyekamni cannot shield relevant documents from discovery by simply leaving them with Dalton, his former attorney, and then refusing to sign the attorney-client privilege waiver Dalton feels he needs to ethically produce the documents to AAM..  Because I find that AAM's request is reasonable under the circumstances, I DENY Dalton's Motion to Quash the Subpoena and ORDER him to produce to AAM, within fifteen (15) days, all non-privileged documents which are responsive to the subpoena, together with a privilege log detailing documents withheld on the basis of attorney-client, work product, or other claimed privileges.

**IT IS SO ORDERED.**

Date:   January 11, 2008                s/John Feikens
                                               John Feikens
                                               United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on January 11, 2008, by U.S. first class mail or electronic means.

                     s/Carol Cohron
                     Case Manager